IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GUSTAVO ALEJANDRO RUBIO NAVA,
*Petitioner*,

v.

TODD BLANCHE, *et al*.,
*Respondents*.

1:26-cv-01779-MSN-IDD

<u>ORDER</u>

Gustavo Alejandro Rubio Nava ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. Federal Respondents have opposed the Petition. ECF 4. For the following reasons, the Court will GRANT the Petition as to Count II (due process).

## I.    BACKGROUND

Petitioner is a native and citizen of Venezuela. ECF 1 ¶ 13. He entered the United States in September 2022 and was encountered by a Border Patrol agent near Eagle Pass, Texas. *Id*. ¶ 14; ECF 4-1 ¶ 6. Petitioner was taken into civil immigration custody but received humanitarian parole under 8 U.S.C. § 1182(d)(5), with an expiration date of November 14, 2022. ECF 1 ¶ 14; ECF 4-1 ¶ 6. Petitioner was issued a Notice to Appear on April 4, 2023, charging him with inadmissibility to and removability from the United States under 8 U.S.C. §§ 1182(a)(6)(A)(i) (alien present in

the United States without being admitted or paroled), (a)(7)(A)(i)(I) (alien without valid entry document at time of application for admission). ECF 1 ¶ 15; ECF 4-1 ¶ 7.

On June 5, 2026, Petitioner was arrested by local law enforcement and charged with assault and battery on a family member and damaging a phone line to prevent summoning law enforcement. ECF 1 ¶ 17; ECF 4-1 ¶ 10. As a result, an immigration detainer was placed on Petitioner and he was taken into ICE custody and has since been detained at the Farmville Detention Center. ECF 1 ¶ 6; ECF 4-1 ¶¶ 11-12.

## II.    ANALYSIS

Federal Respondents currently aver that the Petition should be denied because Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and the Court lacks jurisdiction to consider the Petition. ECF 4 at 1. They claim that Petitioner's release on humanitarian parole has no bearing on his current detention and that he has not been admitted or effected an entry into the United States. *Id*. They further contend that his detention does not violate due process and that he is due no additional process. *Id*. at 7-19. Petitioner refutes these arguments and argues that he should be immediately released or be provided a bond hearing under 8 U.S.C. § 1226(a). ECF 5.

In *W.R. v. Crawford, et al*, ECF 16, No. 1:26-cv-1720-MSN-WEF (E.D. Va. July 10, 2026), this Court recently considered whether a noncitizen released on a purportedly automatically terminating humanitarian parole and placed into standard removal proceedings was properly detained under 8 U.S.C. § 1225(b)(1). As discussed in *W.R.*, the answer is no, as the legal fiction that Petitioner remains legally "stopped at the border . . . . expired alongside the expiration of Petitioner's humanitarian parole, thus making Petitioner like any other undocumented immigration

present within the United States." *Id*. at \*7-8. The same principle compels the conclusion here that Petitioner is not subjection to detention under 8 U.S.C. § 1225(b)(2).

Because Petitioner has been present in the United States for roughly four years following the expiration of his humanitarian parole, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382 MSN-WEF, 2025 WL 2783800, at \*\*8-10 (E.D. Va. Sept. 30, 2025), violates his right to due process. Thus, Petitioner's current detention is unlawful, and Federal Respondents must release him.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address which he must provide to the Federal Respondents.[1] Petitioner must also appear at the bond hearing once Federal Respondents notify him of its date, time, and location; it is further

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

---

[1]    If Petitioner opts to file a pleading in this civil action notifying the Federal Respondents of his fixed address, Petitioner should file that pleading under seal. No separate motion to seal will be required.

3

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

July 16, 2026
Alexandria, Virginia